IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of the Interior, et al.,<br><br>    Defendants. | No. CV-03-00507-PCT-GMS<br><br>**ORDER** |

    Pending before the Court are Defendant United States Department of the Interior's Motion for a Stay of Briefing (Doc. 362) and Defendant-Intervenors'[1] Amended Motion for a Stay of Briefing (Doc. 364).

    The government's choice to partially shut itself down is simply not sufficient cause to justify delaying the progress of this litigation. Presuming, as this Court does, that the government has the authority to shut itself down, at least temporarily, when the legislative and executive branches arrive at a budgetary impasse, under our present system of government such a lapse of appropriations does not justify avoidance or delay in the adjudication of the government's potential legal obligations to its citizens or others. Defendant's Motion does present good cause why its counsel should be excused for not working during the shutdown—they have been directed not to appear under threat of

---

[1] Defendant-Intervenors include the State of Arizona, Central Arizona Water Conservation District, Salt River Project Agricultural Improvement and Power District, Salt River Valley Water Users' Association, Arizona Power Authority, State of Colorado, Southern Nevada Water Authority, Colorado River Commission of Nevada, Coachella Valley Irrigation District, Imperial Irrigation District, and The Metropolitan Water District of Southern California.

1  adverse personnel actions, *see* 31 U.S.C. §§ 1349, 1518, or criminal sanctions.  *See id.* at
2  §§ 1350, 1519.  But the Motion does not establish diligence on the part of the United
3  States—the underlying client.  And it will not prevent this court from proceeding with the
4  case as scheduled, whether counsel appears or not.

5        The Executive and/or Legislative Branch of the federal government can, of course,
6  determine that the United States' representation in this matter and other matters is less
7  important than the strategic advantage that either or both branches achieve in resolving the
8  budget impasse by partially shutting down the government.  But were a private business to
9  voluntarily cease part of its operation, forbid its lawyers from appearing in court and then
10 move to stay litigation on that ground alone, such a motion would be denied.  Principles of
11 neutral adjudication suggest that this request for a stay be similarly treated.

12       **IT IS THEREFORE ORDERED** that Defendant United States Department of the
13 Interior's Motion to Stay (Doc. 362) is **DENIED**.

14       **IT IS FURTHER ORDERED** that Defendant-Intervenors' Motion in Support of
15 Federal Defendant's Motion for a Stay of Briefing (Doc. 364) is **DENIED AS MOOT**.

16       Dated this 15th day of January, 2019.

*[signature]*
G. Murray Snow
Chief United States District Judge