IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navajo Nation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States Department of the Interior, et al.,<br><br>　　　　　Defendants. | No. CV-03-00507-PCT-GMS<br><br>**ORDER** |

**IT IS HEREBY ORDERED** setting Oral Argument for **Friday, August 16th, 2019 at 2:30 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.  Each side will have thirty (30) minutes to address the following questions pertaining to Plaintiff Navajo Nation's Motion for Leave to Amend to File Third Amended Complaint (Doc. 360):

1. Does the "implied rights" doctrine under *Winters v. United States*, 207 U.S. 564 (1908), together with the treaties entered by the United States and the Navajo Nation, create a duty on the part of the United States to secure those implied water rights that is sufficiently specific to be enforceable in a breach of trust action under standards set forth by the Supreme Court in *United States v. Mitchell*, 445 U.S. 535 (1980) and its progeny?

2. If in fact *Winters* does create an enforceable duty, is it a duty that is limited to rights in appurtenant water? *See, e.g., Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water District,* 849 F.3d 1262, 1268 (9th Cir. 2017) ("The *Winters* doctrine only applies in certain situations:  it only reserves water to the extent it is

1  necessary to accomplish the purpose of the reservation, and it only reserves water if
2  it is appurtenant to the withdrawn land.").

3. If *Winters* is so limited, and if, as the briefing states and the background facts suggest, the Nation does not seek to base its breach of trust claim on any failure by the United States to adjudicate the Nation's right to water in the Little Colorado River, must the Nation identify specific appurtenant water to which the United States has allegedly failed to exercise its trust responsibilities to state a claim for breach of trust against the United States in this case, regardless of the source of the obligation?

4. If, as this Court has already decided, (*see* Doc. 359), the Supreme Court's reservation of questions relating to the allocation of the Colorado River in *Arizona v. California* prevents this Court from determining whether the Navajo Nation has any right to the mainstream of the Colorado River—and therefore whether the United States has appropriately protected such rights—how can this Court make a general determination that the United States has breached its trust obligation to provide adequate water to the Tribe generally pursuant to the *Winters* doctrine?

Dated this 1st day of August, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

- 2 -